UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. McINTYRE,

        Plaintiff,                    Case No. 1:07-cv-527

v.                                         Honorable Richard Alan Enslen

THOMAS PHILLIPS et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

    I.       Factual allegations

Plaintiff is currently incarcerated at Mid-Michigan Correctional Facility, but the events underlying his *pro se* complaint occurred at Pugsley Correctional Facility (MPF). Plaintiff sues the following MPF employees: Warden Thomas Phillips, Deputy Warden Unknown Stephens, Administrative Assistant Eric Smith, Captain Unknown Meyers, Captain Unknown Savorie, Resident Unit Manager (RUM) Lonnie Beur, Assistant Resident Unit Supervisor (ARUS) Dawn Peruski, Deputy Warden Kevin Smiley, maintenance worker Unknown Wriker, Assistant Physical Plant Supervisor Terry Hudson, Physical Plant Supervisor Mike Zoland, Registered Nurse (RN) Unknown Weeks, Administrative Officer Unknown Sattler, "Jane Doe" and "John Doe."

    In his *pro se* complaint, Plaintiff sues Defendants alleging he was exposed to black mold and was not given adequate and appropriate medical treatment for this exposure. Plaintiff asserts that he was given the job assignment of Housing Unit Porter. (Compl. at 5, docket #1.)[1] Plaintiff alleges that, in the course of his job assignment, he was exposed to black mold located in the Unit's janitor's closet. Plaintiff alleges that his job assignment required him to remain in the janitor's closet for "long periods of time" in order to change the "mop heads" and clean the mop buckets and trash cans. (*Id.* at 7.) Plaintiff alleges that "an 'unidentified source,' that [Plaintiff] will reveal at a later time" told him that black mold was found in the janitor's closet. (*Id.* at 8.) Plaintiff asserts that he told his health care provider about the exposure and was unable to get a satisfactory response and answers about the risk of exposure. (*Id.* at 9.) Plaintiff notes that none of the prisoners

---

[1] The Court will use the pagination assigned by the CM/ECF system for ease and clarity since Plaintiff has attached a number of pages to the original § 1983 form.

participated in the removal of the walls with black mold in the janitor's closet. (*Id.* at 10.) Plaintiff, however, makes no allegations that he has actually suffered any effects from his alleged exposure to black mold.

Plaintiff requests a monetary award of an unspecified amount, "injunctive relief and any future medical expense for any illness or medical complaints known to be caused by exposer [sic] to black mold." (*Id.* at 11.)

## II.      Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      **Conditions of Confinement**

Although Plaintiff has not specifically identified the constitutional right that he is claiming was violated by Defendants, his factual allegations demonstrate that he is asserting violations of his Eighth Amendment rights due to the inhumane conditions of his confinement, specifically, the exposure to black mold. As previously stated, the Eighth Amendment prohibits the

infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII.

The relevant standard for evaluating a claim inhumane conditions of confinement was set forth in *Helling v. McKinney,* 509 U.S. 25 (1993). In *Helling*, a prisoner initiated a § 1983 action against prison officials claiming that his involuntary exposure to ETS (environmental tobacco smoke) from a cellmate[1] posed an unreasonable risk of serious damage to his future health in violation of the Eighth Amendment. *Helling*, 509 U.S. at 35. The Supreme Court affirmed the decision of the Court of Appeals to remand the case to the district court to allow the prisoner an opportunity to prove his case, which also required the prisoner to prove both the subjective and objective elements necessary for an Eighth Amendment violation. *Id*. Drawing from *Helling's* analysis of regarding ETS, relevant to the objective element is whether the prisoner endured unreasonably high exposure to black mold that society would consider violative of contemporary standards of decency. *Id.* at 35-36. Relevant to the subjective element is whether prison officials had exhibited deliberate indifference with regard to the dangers of a prisoner's exposure to black mold. *Id*. at 36.

To prove the objective element for his claim, the prisoner must first show that he has been exposed to unreasonably high levels of black mold.[2] *Id.* at 35. "More than mere scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to

---

[1] The cellmate in *Helling* smoked five packs of cigarettes a day. *Helling,* 509 U.S. at 35.

[2] In *Helling*, "[p]lainly relevant to this determination" was the fact that plaintiff had been moved to a different prison and was "no longer the cellmate of a five-pack-a-day smoker." *Helling,* 509 U.S. at 35. The Supreme Court also observed that the prison had adopted a formal smoking policy restricting smoking to certain areas and where wardens could, contingent on space availability, designate non-smoking areas in dormitory sections. *Id.* at 35-36. The Supreme Court noted that the changed policies could make it impossible for the plaintiff to prove that he would be exposed to an unreasonable risk of ETS with respect to his future health. *Id.* at 36.

health will be caused by exposure" is necessary to establish the objective component. *Id.* at 36. Second, "the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.*

Plaintiff fails to satisfy the objective component for an Eighth Amendment violation. Plaintiff alleged that he was exposed to black mold for an unspecified amount of time during his "approximately eight hours per [weekday]" job assignment. Plaintiff stated only that the job required him to "remain inside the janitor's closer for long periods of time." (Compl. At 7.) Nevertheless, Plaintiff failed to provide any evidence measuring or quantifying his level of exposure. Plaintiff's conclusory allegations regarding the exposure to black mold fail to support the objective component of an Eighth Amendment claim.

Furthermore, Plaintiff does not present any evidence that his exposure to black mold caused him anything beyond his unsubstantiated, perceived risk of future medical issues. In his complaint, he does not allege he has actually suffered any effects from his alleged exposure to black mold. As set forth in Plaintiff's complaint, as soon as Defendants discovered the presence of black mold, Plaintiff was not permitted in that area to complete his job assignment or to assist in the removal of the black mold. *See, e.g.,* addressing ETS, *Oliver v. Deen*, 77 F.3d 156, 159-61 (7th Cir. 1996) (an asthmatic inmate's assignment to cells with smoking inmates for 133 days resulting in ETS exposure which aggravated the plaintiff's asthma and necessitated his increased use of an inhaler failed to satisfy the objective component); *Williams,* 2007 WL 1032365, at *15 (asthmatic inmate's exposure to ETS during a seven-month period failed to satisfy the objective component). Therefore, Plaintiff's allegations fail to satisfy the objective element for an Eighth Amendment claim.

Additionally, some exposure to black mold is a risk that society has chosen to tolerate. *See, e.g., Brady v. State Farm Fire & Cas. Co.*, No. 05-30716, 2006 WL 551388, at *3 (5th Cir. Mar. 8, 2006) (dismissing action because Plaintiff did not exercise due diligence in determining whether mold was airborne or simply present in her house); *Board v. Farnham*, 394 F.3d 469, at 486 (7th Cir. 2005) (holding sufficient facts to allege deliberate indifference to support an inhumane conditions of confinement claim based, in part, on the presence of black mold and fiberglass liner in the jail ventilation system when alleged that jail did not properly repair the system, but tried to "mask" the problem and that plaintiffs had alleged "direct physical manifestation[s] of the harm"). Plaintiff does not allege that it was in the ventilation system of the jail or present in his cell. Plaintiff does not even allege that he ever saw black mold in the janitor's closet, but only became aware of it when Defendants blocked off the area to safely remove the mold.

More significantly, Plaintiff further fails to meet the subjective element, i.e., that Defendants were deliberately indifferent to his exposure to unreasonably high levels of black mold. Plaintiff makes no allegations that Defendants deliberately exposed him to black mold. Or that Defendants were even aware of the presence of black mold prior to the time they terminated his exposure to it. Plaintiff's complaint outlines that Defendants took measures to ensure that the prisoners were not exposed to the mold and makes no allegations that Defendant knew of the mold prior to this time. For example, in his *pro se* complaint Plaintiff states that:

> Maintenance placed thick layers of plastic around the housing unit hallway to prevent the spread of spores as they worked in the infected areas. This plastic was also used to prevent further exposer [sic] to prisoners and staff and also to block the view of any on lookers [sic]. Maintenance Workers Riker and Guest refused to allow prisoner assigned to the maintenance detail to remove any dry wall. This is an unusual practice for supervisors to perform all the labor. Maintenance workers Guest

> and Wriker cleaned the infected area and then reported the incident to MI-OSHA and later air monitoring was performed.... Prisoners were only allowed to pass tools and told not to enter the plastic.

(Compl. at 10.) Plaintiff's allegations demonstrate that the Defendants addressed the presence of the black mold in a careful manner to remedy the problem and remove the mold without exposing Plaintiff or other prisoners to any mold which would have been disturbed during the removal process.

At the most, Plaintiff alleges that Defendant were negligent in not knowing that there was black mold present. The deliberate indifference standard "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety"). Accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*, No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*, 511 U.S. at 839. For those reasons, Plaintiff's allegations fail to show that Defendants were deliberately indifferent. Therefore, I recommend that Plaintiff's allegations fail to state an Eighth Amendment claim.

### B.     Medical Treatment

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such

care would be inconsistent with contemporary standards of decency.  *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976).  The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner.  *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious.  *Id.*  In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm.  *Id.*  The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person."  *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004).  If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment."  *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care."  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834).  Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Id.*  Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir.

June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at *4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997).

Plaintiff alleges that he was exposed to black mold while he was a Housing Unit Porter and that he did not receive adequate medical treatment or testing for any illnesses which may have resulted from the exposure. Plaintiff's claims, however, fail to rise to the level of a constitutional violation. In his complaint, Plaintiff alleges that he has been experiencing headaches and had received an evaluation by and discussed his exposure with his health care provider. (Compl. at 8-9.) Plaintiff, however, does not allege that there is any current medical condition that is going untreated. Other than headaches, which have been given medical attention, Plaintiff does not allege that there are symptoms which create an objective need for treatment to amount to a medical claim under the Eighth Amendment. Additionally, Plaintiff has failed to sufficiently allege the Defendants were deliberately indifferent to Plaintiff's medical needs as he saw and discussed his exposure to the mold and the presence of his headaches with his health care provider on a number of occasions. Failing to meet either the objective or subjective component, Plaintiff fails to state a claim.

### C. Violations of Policies

Plaintiff's complaint also seeks redress because Defendants' actions violated MDOC policies. (Compl. at 10-11.) Defendants' alleged failure to comply with the administrative rules does not itself rise to the level of a constitutional violation. *Barber v. City of Salem*, 953 F.2d 232, 240 (6th Cir. 1992); *McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. Apr. 21, 1995) (failure to follow policy directive does not rise to the level of a constitutional violation

because policy directive does not create a protectable liberty interest). Therefore, I recommend that Plaintiff has failed to state a claim.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Date: September 10, 2007                     /s/ Ellen S. Carmody
                                             ELLEN S. CARMODY
                                             United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).