UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD J. McINTYRE,

    Plaintiff,

v.

THOMAS PHILLIPS, *et al.*,

    Defendants.

                                        /

Case No. 1:07-CV-527

Hon. Richard Alan Enslen

**JUDGMENT**

      This matter is before the Court on Petitioner Donald J. McIntyre's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of September 10, 2007, which recommended that Petitioner's civil rights action be dismissed for failure to state a claim. The Court now reviews the Report, Objections, and pertinent portions of the record *de novo* pursuant to 28 U.S.C. § 636(b). The Court reads Plaintiff's *pro se* Motion indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accepts Plaintiff's allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). For the reasons set forth below and in the Report, the Court finds Plaintiff's Objections to be without merit.

      Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), the Court must dismiss prisoner actions that are frivolous, malicious, fail to state a claim upon which relief can be granted, or seek monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(C). A complaint fails to state a claim if it is clear that no relief could be granted under any set of facts consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or federal law and must show that the deprivation of such right was committed by a person acting under the color of state law.

*West v. Adkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff's Complaint alleges the infliction of cruel and unusual punishment in violation of the Eighth Amendment. The Court looks to *Helling v. McKinney*, 509 U.S. 25 (1993), when evaluating an Eighth Amendment claim based on inhumane conditions of confinement, and *Farmer v. Brennan*, 511 U.S. 825 (1994), when evaluating a claim based on failure of prison authorities to provide medical care. In either situation, a plaintiff must prove both an objective and subjective component. *See Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–36.

Regarding the objective component of Plaintiff's inhumane confinement claim, he argues he was exposed to black mold. Plaintiff fails to demonstrate his level of exposure to black mold or provide evidence establishing symptoms from exposure; instead, Plaintiff's claims are rife with conclusory allegations and predictions of future medical problems. The record shows that upon discovering black mold, Defendants took immediate corrective action and ensured prisoners were not exposed. Plaintiff objects to the Report's conclusion, based on another element in *Helling*, that "some exposure to black mold is a risk that society has chosen to tolerate." (Rep. 6 (citing authority).)

> Plaintiff believes that society does not tolerate black mold, as can loosely be shown in a recent episode of the popular ABC network television show "Extreme Makeover," where a home contaminated with black mold was required to be completely demolished and rebuilt rather than renovated due to the inherent health risks of black mold.

(Obj. ¶ 12.) Television shows are not binding or persuasive legal authorities.

Plaintiff argues he satisfied the subjective component of his inhumane confinement claim because the black mold was known to exist by Defendants. The record fails to support Plaintiff's

allegation. At most, Plaintiff's claim is that Defendants were negligent—this does not rise to the level of deliberate indifference. *See Farmer*, 511 U.S. at 835; *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Report appropriately concluded that Plaintiff has failed to allege that Defendants deliberately exposed him to black mold, or that Defendants were even aware of its presence before they terminated Plaintiff's exposure to it.

Plaintiff next argues that medical personnel refused to treat him for exposure to black mold. Plaintiff's claim fails to establish both the objective and subjective components of an Eighth Amendment violation. Plaintiff has not alleged any symptoms that have not been treated by medical personnel, nor has Plaintiff sufficiently alleged that Defendants were deliberately indifferent to Plaintiff's medical needs. The Report correctly noted that Plaintiff has received treatment for reported headaches, which is the only symptom he has specifically complained of from his alleged exposure to black mold.

For the reasons given here and in the Report, the Court discerns no good faith basis for an appeal and will so certify pursuant to 28 U.S.C. § 1915(a). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner Donald J. McIntyre's Objections (Dkt. No. 6) are **DENIED**, the Report and Recommendation (Dkt. No. 5) is **ADOPTED**, all of Plaintiff's claims are **DISMISSED WITH PREJUDICE**, and the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal would not be taken in good faith.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
October 10, 2007  RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE